United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. WRIGHT,<br><br>   Petitioner,<br><br>v.<br><br>A. HEDGPETH, Warden,<br><br>   Respondent. | No. C 08-02228 SBA (PR)<br><br>**ORDER STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY** |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the full filing fee.

Petitioner has also filed a motion to stay his federal petition while he exhausts his remedies in state court.

**DISCUSSION**

Petitioner has filed a mixed petition containing exhausted and unexhausted claims. He concedes that he has failed to exhaust three of his claims. Therefore, the action must be dismissed as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982), or in the alternative, Petitioner may elect to delete the unexhausted claim and proceed on the remaining claims. In his motion for a stay, Petitioner requests that he be permitted to return to state court to exhaust the unexhausted claims.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the

1  highest state court available with a fair opportunity to rule on the merits of each and every claim
2  they seek to raise in federal court. <u>See</u> 28 U.S.C. § 2254(b),(c); <u>Rose</u>, 455 U.S. at 515-16. If
3  available state remedies have not been exhausted as to all claims, the district court must dismiss the
4  petition. <u>Id.</u> at 510; <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for
5  failure to exhaust is not a bar to returning to federal court after exhausting available state remedies.
6  <u>See</u> <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995).

7  District courts have the authority to issue stays and the Antiterrorism and Effective Death
8  Penalty Act of 1996 ("AEDPA") does not deprive them of that authority. <u>Rhines v. Webber</u>, 544
9  U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by
10 AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging
11 petitioners to seek relief in the state courts before filing their claims in federal court. <u>Id.</u> Because
12 the use of a stay and abeyance procedure has the potential to undermine these dual purposes of
13 AEDPA, its use is only appropriate where the district court has first determined that there was good
14 cause for the petitioner's failure to exhaust the claims in state court and that the claims are
15 potentially meritorious. <u>Id.</u> Moreover, where granting a stay, the district court must effectuate the
16 timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and
17 back." <u>Id.</u> at 278. Prisoners who may run the risk of having the federal statute of limitations expire
18 while they are exhausting their state remedies may avoid this predicament "by filing a 'protective'
19 petition in federal court and asking the federal court to stay and abey the federal habeas proceedings
20 until state remedies are exhausted." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416 (2005) (citing <u>Rhines</u>,
21 544 U.S. at 277-78). "[I]t likely would be an abuse of discretion for a district court to deny a stay
22 and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his
23 unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged
24 in intentionally dilatory litigation tactics." <u>Rhines</u>, 544 U.S. at 278. In such circumstances, the
25 district court should stay, rather than dismiss, the mixed petition. <u>Id.</u> (citing <u>Rose</u>, 455 U.S. at 522
26 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to
27 relief")).
28

2

       Here, Petitioner's unexhausted claims involve allegations of jury instructional error and ineffective assistance of his trial and appellate attorneys. His claim for jury instructional error alleges that the "trial court erred by refusing to give [his] requested second degree murder instruction on the defense theory of the case." (Pet. at 6-A.) He claims that the "court's refusal to instruct so that the jury might have a legal basis for considering Petitioner's theory of the defense denied him his Federal Constitutional Rights under the Sixth and the Fourteenth Amendments." (Id.) Petitioner's claim of ineffective assistance of trial counsel alleges that his "trial counsel was ineffective in his failure to present testimony of an unavailable witnesse's [sic] exculpatory information . . . ." (Id.) Finally, his claim of ineffective assistance of appellate counsel alleges that his "appointed counsel on appeal failed to raise a claim of ineffectiveness of trial counsel that was reviewable on appeal." (Id.) Petitioner claims that he has "made every reasonable effort to meet and comply with the [AEDPA's] statute of limitations for the filing of cognizable § 2254 claims" and that he "[has] not been in willfull [sic] disregard of the court's process . . . ." (Mot. for Stay at 2.)

       Under the circumstances alleged by Petitioner, the Court finds that Petitioner has demonstrated good cause for his failure to exhaust his claims in state court. Specifically, good cause exists for Petitioner's failure to exhaust these claims on direct appeal because his claims could be raised by way of state habeas corpus. Furthermore, the Court notes that Petitioner's unexhausted claims are potentially meritorious. This is Petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes. See Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ). Additionally, the Court notes that Respondent has yet to file an answer on the merits to the petition. Because there is no evidence that Petitioner engaged in intentionally dilatory litigation practices, he is entitled to have his petition stayed during the time he exhausts his claims in state court. See Rhines, 544 U.S. at 278; see also Olvera v. Giurbino, 371 F.3d 569, 573-74 (9th Cir. 2004) (a stay is

clearly appropriate when valid claims would otherwise be forfeited due to AEDPA's one-year statute of limitations). Accordingly, Petitioner's motion to stay the instant petition is GRANTED.

## CONCLUSION

These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies. Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted. He must file quarterly reports describing the progress of his state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to the claims.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. Nothing further will take place in this action until Petitioner receives a final decision from the highest state court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims.

This Order terminates Docket no. 2.

IT IS SO ORDERED.

DATED: 6/23/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.08\Wright2228.stay&ADclose.wpd     4

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J WRIGHT, | Case Number: CV08-02228 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| A HEDGPETH et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 23, 2008, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the persons hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.


Michael J. Wright V-91600
Kern Valley State Prison
3000 W. Cecil Ave.
P.O. Box 5102
Delano, CA 93215

cc: Lisa Clark, Gina Campbell

Dated: June 23, 2008

Richard W. Wieking, Clerk
By: Ivy L. Garcia for Lisa R. Clark, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Wright2228.stay&ADclose.wpd