IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. WRIGHT,<br><br>    Petitioner,<br><br>  v.<br><br>A. HEDGPETH, Warden,<br><br>    Respondent.<br>_____ / | No. C 08-02228 SBA (PR)<br><br>**ORDER LIFTING STAY; DIRECTING RESPONDENT TO SHOW CAUSE WHY THE WRIT SHOULD NOT BE GRANTED; AND ADDRESSING PENDING MOTIONS**<br><br>(Docket nos. 15, 16) |

On April 29, 2008, Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 23, 2008, the Court issued an Order granting Petitioner's request for a stay of proceedings while he returned to state court to exhaust his administrative remedies. On March 19, 2009, Petitioner informed the Court that his state proceedings had concluded, and he filed an amended habeas petition containing his exhausted claims.

Before the Court are Petitioner's implied motions to lift the stay and for leave to file his amended petition. Good cause appearing, Petitioner's motion to lift the stay is GRANTED. Petitioner is also GRANTED leave to file his amended petition. The parties are directed to abide by the briefing schedule outlined below.

Also before the Court are Petitioner's motion for appointment of counsel and his "Motion for Removal and Transfer from State to Federal Custody."

First, the Court finds that appointment of counsel is not warranted in this case. The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234

(9th Cir. 1984). Here, Petitioner's claims are typical claims that arise in criminal appeals and are not especially complex. This is not an exceptional case, therefore, that would warrant representation on federal habeas review. Accordingly, Petitioner's request for appointment of counsel is DENIED.

Second, Petitioner requests for the Court to issue an Order for his removal and transfer from state to federal custody. Such a request is not warranted because a prisoner has no constitutional right to choose the place of his incarceration. See Meachum v. Fano, 427 U.S. 215, 224 (1976). Under certain circumstances, a California prisoner who also has been convicted in another state or federal court may request transfer to the custody of the other jurisdiction. See In re Stoliker, 49 Cal. 2d 75 (1957). Here, Petitioner does not appear eligible for any such transfer as he does not indicate that he has been convicted anywhere but in California. The Court finds unavailing his argument that his transfer to federal prison is "necessary, proper, and more convenient for the Court, and all parties concerned" because he has "currently reactivated [his] Petition for Habeas Corpus now before the U.S. Dist. Court . . . ." (Mot. for Transfer at 2.) Accordingly, Petitioner's request is DENIED.

## **CONCLUSION**

1. Petitioner's implied motions to lift the stay and for leave to file his amended petition are GRANTED.

2. The Clerk of the Court is directed to file Petitioner's new habeas petition which is labeled "Petition for a Writ of Habeas Corpus Re-submission," and docket the aforementioned document as Petitioner's "Amended Petition." The Clerk is further directed to mark the Amended Petition as filed on March 19, 2009, the date it was received by the Court.

3. The Clerk shall REOPEN this case and serve a copy of this Order and the Amended Petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his most current address.

4. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

1  Respondent shall file with the answer a copy of all portions of the state trial record that have been
2  transcribed previously and that are relevant to a determination of the issues presented by the petition.

3      5.    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with
4  the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.
5  Otherwise, the petition will be deemed submitted and ready for decision thirty days after the date
6  Petitioner is served with Respondent's answer.  Petitioner is reminded that all communications with
7  the Court, whether by way of formal legal motions or informal letters, must be served on
8  Respondent by mailing a true copy of the document to Respondent's counsel.

9      6.    Extensions of time are not favored, though reasonable extensions will be granted.
10 Any motion for an extension of time must be filed no later than **seven (7) days** prior to the deadline
11 sought to be extended.

12     7.    Petitioner's request for appointment of counsel (docket no. 16) is DENIED.

13     8.    Petitioner's "Motion for Removal and Transfer from State to Federal Custody"
14 (docket no. 15) is DENIED.

15     8.    This Order terminates Docket nos. 15 and 16.

16 IT IS SO ORDERED.

17 DATED: 8/6/09

                                 *Saundra B. Armstrong*
                                SAUNDRA BROWN ARMSTRONG
18                                 United States District Judge

28 P:\PRO-SE\SBA\HC.08\Wright2228.Reopen-Stay3.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J WRIGHT,

        Plaintiff,

  v.

A HEDGPETH et al,

        Defendant.

Case Number: CV08-02228 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 7, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael J. Wright V-91600
Pleasant Valley State Prison
24863 W. Jayne Ave.
P.O. Box 8503
Coalinga, CA 93210-8503

Dated: August 7, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Wright2228.Reopen-Stay4wpd